# SHAW v. LANE.

Injunction; Supersedeas; Appeal and Error; Moot Questions; Equity;
                         Prayer for General Relief.

1. A decree dismissing a bill for an injunction cannot be superseded and the *status quo* of the subject-matter of the suit maintained, except under the provisions of rule No. 74 of the equity rules for the courts of the United States, promulgated by the Supreme Court of the United States, November 4, 1912 (226 U. S. 670), which is binding upon the courts of this District.

2. An appeal from a decree dismissing a bill for an injunction does not disturb the operative effect of the decree or operate as a stay of the proceedings; so that if, during the pendency of an appeal from such a decree dismissing a bill to enjoin the Secretary of the Interior from approving and delivering certain mineral leases of Indian lands, the Secretary approves and delivers the leases, the appeal will be dismissed as presenting only a moot question.

3. A prayer for general relief in a bill in equity is in aid of the specific grounds enumerated, and is limited to the objects of the bill.

4. Where, pending an appeal from a decree dismissing a bill in equity to enjoin the approval and delivery of certain mineral leases by the Secretary of the Interior, the Secretary approves and delivers the leases, the fact that the bill contains a prayer for general relief will not permit this court to take jurisdiction to determine whether a mandatory injunction should not be granted to compel the Secretary to cancel the leases for the excess or abuse of discretion in approving and delivering them. (Citing *Cardoza* v. *Baird*, 30 App. D. C. 86.)

No. 3047.   Submitted November 8, 1917.   Decided December 3, 1917.

Hearing on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity to enjoin the Secretary of the Interior from approving and delivering certain mineral leases to Indian lands.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Charles A. Towne, Mr. Duane E. Fox, Mr. Frank Boughton Fox, Mr. Newton K. Fox,* and *Mr. Benjamin F. Spellman,* for the appellants, in their brief cited:

*Addyston Co.* v. *United States,* 175 U. S. 211; *Anchor* v. *Howe,* 50 Fed. 366; *Angell* v. *Angell,* 28 R. I. 592; *Atty. Gen.* v. *Brown,* 1 Swan, 265; *Atty. Gen.* v. *Heelis,* 2 Sim. & Stu. 67; *Atty. Gen.* v. *Dublin,* 1 Bligh, N. S. 312; *Barbour* v. *Cummings,* 26 R. I. 201; *Bound* v. *South Car. R. Co.* 50 Fed. 853; *Buckstaff* v. *Hicks,* 94 Wis. 34; *Collister* v. *Fassitt,* 163 N. Y. 281; *Sinking Fund Commissioners* v. *Walker,* 6 How. (Miss.) 143; *Com.* v. *Alger,* 7 Cush. 53; *Conley* v. *Ballinger,* 216 U. S. 84; *Cromie* v. *Bull,* 81 Ky. 646; *Daniels* v. *Wagner,* 237 U. S. 547; *Delaplaine* v. *Lewis,* 19 Wis. 500; *Dennehy* v. *McNulta,* 86 Fed. 825; *Dingman* v. *Beall,* 213 Ill. 238; *Dunbar* v. *Soule,* 129 Mass. 284; *Eakin* v. *Raub,* 12 S. & R. 330; *Ellis* v. *Inman Co.* 131 Fed. 182; *Hornung* v. *Gamble,* 116 Ind. 458; *Inglis* v. *Sailors' Snug Harbor,* 3 Pet. 99; *Jones* v. *Jones,* 30 N. Y. Supp. 177; *Keeler* v. *Lauer,* 73 Kan. 388; *Lake Shore & M. S. R. Co.* v. *Ohio,* 173 U. S. 285; *Minnesota* v. *Hitchcock,* 185 U. S. 373; *Mitford* v. *Reynolds,* 1 Phil. 185; *Morrison* v. *Lane,* App. D. C., No. 2908, April, 1916; *New* v. *Bonaker,* L. R., 4 Eq. 655; *O'Neil* v. *American F. Ins. Co.* 166 Pa. 72; *Patterson* v. *Lanning,* 62 Neb. 634; *People* v. *Draper,* 15 N. Y. 532; *President of United States* v. *Drummond,* see *Whicken* v. *Hume, infra; Price* v. *Bassett,* 168 Mass. 598; *Read* v. *Patterson,* 44 N. J. Eq. 211; *Schaake* v. *Dolley,* 85 Kan. 598; *Sloo* v. *Law,* Fed. Cas. No. 354; *State* v. *Denny,* 118 Ind. 382; *State* v. *Merrill,* 2 Pinney, 279; *State* v. *Rusk,* 21 Wis. 214; *Stephenson* v. *Norris,* 128 Wis. 242; *Trout* v. *Pratt,* 106 Va. 431; *United States* v. *Chesapeake Co.* 105 Fed. 93, 115 Fed. 610; *United States* v. *Colorado Anthracite Co.* 225 U. S. 219; *United States* v. *Mille Lac Band,* 229 U. S. 498; *United States* v. *Munday,* 186 Fed. 375; *United States* v. *Swift & Co.* 196 U. S. 375; *Wade* v. *Fisher,* 39 App. D. C. 245; *Whicken* v.

*Hume,* 7 H. L. Cas. 124; *Whitwell* v. *Tobacco Co.* 125 Fed. 454; *Williamson* v. *United States,* 207 U. S. 425.

Mr. *Charles D. Mahaffie* and *Mr. C. Edward Wright,* for the appellee, in their brief cited:

*Blackfeather* v. *United States,* 190 U. S. 368; *Cherokee Nation* v. *Hitchcock,* 187 U. S. 294; *Cherokee Nation* v. *Journey-cake,* 155 U. S. 196; *Cherokee Trust Funds,* 117 U. S. 188; *Conley* v. *Ballinger,* 216 U. S. 84; *Fleming* v. *McCurtain,* 215 U. S. 56; *Garfield* v. *United States,* 211 U. S. 249; *Grills* v. *Fisher,* 37 App. D. C. 473, 229 U. S. 640; *Hayes* v. *Barringer,* 168 Fed. 221; *Ligon* v. *Johnston,* 164 Fed. 670; *Lone Wolf* v. *Hitchcock,* 187 U. S. 553; *Stephens* v. *Cherokee Nation,* 174 U. S. 445; *United States* v. *Aaron,* 183 Fed. 347; *United States ex rel. Brown* v. *Lane,* 40 App. D. C. 533; *Wade* v. *Fisher,* 39 App. D. C. 245.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal [by Franklin Shaw and John F. Palmer] is from a decree of the supreme court of the District of Columbia dismissing a bill for injunction to restrain Franklin K. Lane, the Secretary of the Interior of the United States, from approving and delivering certain mineral leases of property belonging to the Osage tribe of Indians in the State of Oklahoma, under authority of section 3 of the Act of Congress of June 28, 1906 (34 Stat. at L. 539, chap. 3572).

It appears that pending appeal the leases had been approved and delivered. It is contended, therefore, that, since the sole purpose of the suit was to restrain the Secretary from approving the leases, and no action was taken by the court below to preserve the *status quo* pending appeal, there is only a moot question presented, and the appeal should accordingly be dismissed. The decree dismissing the bill could not be superseded and the *status quo* preserved except by an order of the court in accordance with equity rule No. 74, 226 U. S. 670, as follows: "When an appeal from a final decree, in an equity suit, granting

or dissolving an injunction, is allowed by a justice or a judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending, modifying, or restoring the injunction during the pendency of the appeal, upon such terms, as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party." This is a rule applicable generally to the Federal courts of the country, specially authorized by act of Congress, and is binding upon the courts of the District of Columbia.

This is a clear case, where appellants applied to the court for a restraining order, which was denied, and no stay of proceedings was had pending appeal. The rule is without exception that, where appeal is taken from a decree dismissing a bill for injunction, and pending appeal the act sought to be restrained is done, the appeal will not operate as a stay of proceedings. "The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction, does not disturb its operative effect. *Hovey* v. *McDonald,* 109 U. S. 150, 161, 27 L. ed. 888, 891, 3 Sup. Ct. Rep. 136; *Slaughterhouse Cases,* 10 Wall. 273, 297, 19 L. ed. 915, 922; *Leonard* v. *Ozark Land Co.* 115 U. S. 465, 468, 29 L. ed. 445, 446, 6 Sup. Ct. Rep. 127. When an injunction has been dissolved, it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can of itself revive it. A *fortiori,* the mere prosecution of an appeal cannot operate as an injunction where none has been granted." *Knox County* v. *Harshman,* 132 U. S. 14, 33 L. ed. 249, 10 Sup. Ct. Rep. 8.

But it is urged that, inasmuch as plaintiffs' bill contains a prayer for general relief, the court has power to order the Secretary of the Interior to cancel the leases, whether they be found to be void or merely voidable for the excess or abuse of discretion in approving and delivering them. But such a decree would not be consistent with the object of the bill, and would be ineffectual, in that it would disturb the rights of the lessees who are not before the court. A suit to restrain an official from doing a particular thing cannot be revised on appeal into an action to compel the undoing of the act sought to be restrained. A mandatory decree cannot be passed upon a bill the sole object

and prayer of which is for restraint. "The things sought to be prohibited have been done, and cannot be undone by any order of this court or the court below." *Cardoza* v. *Baird, 30* App. D. C. 86. A prayer for general relief is in aid of the specific grounds enumerated, and is limited to the objects of the bill. The bill having been dismissed, and no action taken to preserve the status of the case made by the bill pending appeal, this court is without jurisdiction to revive it and grant relief either general or special.

The appeal is dismissed without prejudice, with costs to the appellee.                              *Dismissed.*

An appeal to the Supreme Court of the United States was allowed on February 16, 1918.