### CHESAPEAKE WESTERN RY. et al. v. JARDINE, Secretary of Agriculture.

(Court of Appeals of District of Columbia. Submitted October 9, 1925. Decided November 2, 1925.)

No. 4215.

1. **Appeal and error ☞781(4)—Appeal in suit to enjoin execution of contract held dismissable, as involving only moot questions after contract had been executed.**

Where plaintiffs, after adverse decree in suit to enjoin Secretary of Agriculture from executing particular contract, gave notice of appeal, but did not seek any order to maintain existing status pending appeal, and Secretary proceeded to execute contract before hearing on appeal, appeal was dismissible, as involving only moot question.

2. **Appeal and error ☞781(4)—Affirmative relief, notwithstanding execution, pending appeal, of contract sought to be enjoined, held unwarranted.**

As repects question whether appeal involved only moot question where pending plaintiffs' appeal from adverse decree in suit to enjoin Secretary of Agriculture from executing contract, contract was executed through want of order maintaining existing status, fact that petition sought general equitable relief was not enough to entitle plaintiffs to affirmative relief, notwithstanding execution of contested contract.

Appeal from Supreme Court of the District of Columbia.

Suit by the Chesapeake Western Railway and others against W. M. Jardine, Secretary of Agriculture of the United States. Decree for defendant, and plaintiffs appeal. Appeal dismissed.

R. M. Hudson, of Washington, D. C., for appellants.

H. L. Underwood, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, as plaintiffs, filed a petition in the lower court against the Secretary of Agriculture, alleging therein that the United States is owner of a certain large forest reservation in the state of Virginia through which the North river flows; that the plaintiffs are lower riparian owners, and the said reservation is an upper riparian property upon the North river; that the defendant was authorized by statute to execute and cause to be executed all laws affecting said reservation, the use of the water thereon being subject, however, to the laws of Virginia; but that the defendant is about to execute a certain written contract with the city of Staunton, Va., a copy of which is exhibited, whereby the defendant undertakes and agrees to sell and deliver to said city all the water of North river on the riparian lands of said reservation, and to permit said water to be withdrawn and piped away; that the diverting of this water would irreparably injure the plaintiffs and their property; that such a contract would be in violation of the laws of the United States and of the state of Virginia, and would be utterly void. Wherefore the petitioners prayed that the contract set out in the petition and all similar contracts, as well as the proposed and intended acts of the defendant set out therein, be declared illegal and ultra vires; that an injunction be entered, enjoining defendant from executing, delivering, performing, or attempting to execute, deliver, or perform, the said contract, or any similar contract of the same general purport, tenor, or effect, and from permitting the city of Staunton or any other third party from diverting said water on the lands of the United States, and for all such general equitable relief as is proper.

The defendant filed a motion in the lower court to dismiss the petition, claiming that it was indefinite and uncertain; that the suit was in substance one against the United States; that the city of Staunton was an indispensable party; that the bill was without substance or equity.

On June 26, 1924, the lower court sustained the motion and dismissed the bill of complaint, with costs. The plaintiffs at the same time gave notice of appeal, but no order was sought or entered to maintain the existing status pending the appeal. On July 1, 1924, the Secretary of Agriculture executed and delivered the written contract which the plaintiffs had sought to enjoin. On September 23, 1924, the plaintiffs' appeal was filed in this court. Thereafter the plaintiffs, as appellants, applied herein for a temporary restraining order, which the court denied.

The appellee has filed a motion in this court, claiming that the present issue has become moot, since the contract in question already has been executed and delivered, and he prays that the appeal be dismissed.

[1] We think this motion must be sustained. The following extract from the opinion of Mr. Justice Van Orsdel in the closely analogous case of Shaw v. Lane, 47 App. D. C. 170, 173, is sufficient authority for this conclusion:

"This is a clear case, where appellants applied to the court for a restraining order, which was denied, and no stay of proceedings was had pending appeal. The rule is without exception that, where appeal is taken from a decree dismissing a bill for injunction, and pending appeal the act sought to be restrained is done, the appeal will not operate as a stay of proceedings. 'The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction, does not disturb its operative effect. Hovey v. McDonald, 109 U. S. 150, 161, 27 L. Ed. 888, 891, 3 S. Ct. 136; Slaughterhouse Cases, 10 Wall. 273, 297, 19 L. Ed. 915, 922; Leonard v. Ozark Land Co., 115 U. S. 465, 468, 29 L. Ed. 445, 446, 6 S. Ct. 127. When an injunction has been dissolved, it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can of itself revive it. A fortiori, the mere prosecution of an appeal cannot operate as an injunction where none has been granted.' Knox County v. Harshman, 132 U. S. 14, 10 S. Ct. 8, 33 L. Ed. 249."

[2] The appellants contend that the allegations and prayer of the present petition are broad enough to entitle them to affirmative relief, notwithstanding the subsequent execution and delivery of the contested contract. We find this contention, however, answered by the following extract from Shaw v. Lane, supra, to wit:

"But it is urged that, inasmuch as plaintiffs' bill contains a prayer for general relief, the court has power to order the Secretary of the Interior to cancel the leases, whether they be found to be void or merely voidable for the excess or abuse of discretion in approving and delivering them. But such a decree would not be consistent with the object of the bill, and would be ineffectual, in that it would disturb the rights of the lessees who are not before the court. A suit to restrain an official from doing a particular thing cannot be revised on appeal into an action to compel the undoing of the act sought to be restrained. A mandatory decree cannot be passed upon a bill the sole object and prayer of which is for restraint. 'The things sought to be prohibited have been done, and cannot be undone by any order of this court or the court below.' Cardoza v. Baird, 30 App. D. C. 86. A prayer for general relief is in aid of the specific grounds enumerated, and is limited to the objects of the bill. The bill having been dismissed, and no action taken to preserve the status of the case made by the bill pending appeal, this court is without jurisdiction to revive it and grant relief either general or special."

The city of Staunton is not a party to the present record, and would not be bound by any decree which might be entered herein. It would be idle, therefore, for the court to inquire concerning the rights, if any, which the city may have secured under the contract in question. Nor is there any basis at present for the court to enjoin the Secretary of Agriculture from executing, delivering, or performing "any similar contract of the same general purport, tenor, or effect."

The appeal is dismissed without prejudice, at the costs of the appellants.