## EGGLESTON et al. v. WAYLAND.

(Court of Appeals of District of Columbia. Submitted November 5, 1925. Decided December 7, 1925.)

No. 4259.

1. Lis pendens &#8653;25(7)—Suit to cancel alleged fraudulent conveyances held not constructive notice to purchaser of property from trustee.

Suit by purchaser of property subject to trust deed to cancel certain alleged fraudulent conveyances *held* not constructive notice to purchaser of property from trustee after default, neither of whom were parties to such equity suit.

2. Corporations &#8653;443—Deed of corporation held executed in compliance with statute.

Under Code, § 497, requiring a corporation's deed to be acknowledged by attorney appointed for that purpose by power of attorney, where deed containing power of attorney was executed in corporation's name by proper officers, and under corporate seal, appointment of designated attorney was corporation's act, and will be presumed properly made.

Appeal from Supreme Court of District of Columbia.

Action by Ralph R. Wayland against Thomas L. Eggleston and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Campbell Howard and Robert Hardison, both of Washington, D. C., for appellants.

Louis Ottenberg, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellants, defendants below, purchased a house and lot in this city, subject to a deed of trust in which the Washington Loan & Trust Company was named as trustee, and the Union Trust Company was the party secured. Subsequent to the assumption of the trust by defendants, they, as plaintiffs, brought a suit in equity against one Ray and others for the cancellation of certain alleged fraudulent and illegal conveyances, which it was alleged cast

a cloud upon the title to the property here in question, and affected it with a lis pendens. Default occurred, and a sale of the premises was made by the trustee, and plaintiff became the purchaser. Defendants were present at the sale, and were competitive bidders. Plaintiff complied with the terms of the sale, and received a deed from the Washington Loan & Trust Company, as trustee.

Defendants refused to deliver possession of the premises, and the present suit was begun for possession in the municipal court. A plea of title was filed, and the cause was certified to the Supreme Court of the District. Plaintiff moved to strike out defendant's plea of title and affidavit of defense, which motion was sustained. On motion of plaintiff, a judgment for possession of the premises was granted, from which this appeal was taken.

[1] It is contended that the equity suit operated as a lis pendens, and was constructive notice to plaintiff of the issues involved therein. We are not impressed by this contention. The deed of trust was not involved in the equity suit, and neither the trustee nor the party secured were parties to that suit. The legal title to the property was in the trustee, and could not be affected by the equity suit, so long as it was not made a party thereto. Plaintiff derives title from the trustee, and not from any party litigant in the equity suit.

The rule of constructive notice by lis pendens is concisely stated in Pomeroy's Equity Jurisprudence, § 637, as follows: "The constructive notice by the pendency of the suit extends only to those who derive title *from a party or privy pendente lite.* A purchaser of the very land described in the pleadings from one who is not a party to the suit, or privy to such party, is never chargeable with the constructive notice. If, however, a person has acquired a prior right to the specific land, the commencement of a suit affecting the same land will not invalidate any act which he may subsequently do in pursuance of such antecedent right, or for the purpose of carrying it into effect."

Applying this rule to the present case, it is clear that the Washington Loan & Trust Company, as trustee, was not charged with notice of the equity suit; and the rule is emphasized in this case, since the trust was not involved in the equity suit. It has equal application to plaintiff, as purchaser under the deed of trust. "Whoever purchases real property of the person holding the legal title, and takes a conveyance of the property without notice of outstanding equities, and pays a valuable consideration, takes it divested of such equities, and of course of all liens on such equities." Farmers' National Bank v. Fletcher, 44 Iowa, 252, 256.

[2] It is contended that the deed from the Washington Loan & Trust Company, as trustee, to plaintiff, Wayland, is void in that it was not executed in compliance with section 497 of the District Code, which reads as follows: "The deed of a corporation shall be executed by having the seal of the corporation attached and being signed with the name of the corporation, by its president or other officer, and shall be acknowledged as the deed of the corporation by an attorney appointed for that purpose, by a power of attorney embodied in the deed or by one separate therefrom, under the corporate seal, to be annexed to and recorded with the deed."

The deed in this instance is signed in the name of the Washington Loan & Trust Company, trustee, by Andrew Parker, President, with the seal of the corporation attached, and acknowledged, as the act and deed of the Washington Loan & Trust Company, trustee, by Andrew Parker, who is named in the body of the deed as its vice president, and who is constituted and appointed "its true and lawful attorney in fact, for it and in its name, to acknowledge and deliver these presents as its act and deed."

It is urged that, inasmuch as it does not specifically appear that Parker was authorized by power of attorney from the board of directors of the trust company to execute the deed, he was without legal authority to act in the premises. It is clear that the appointment of Parker by power of attorney was the act of the corporation, and, in the absence of evidence to the contrary, it will be presumed that the appointment was properly made. The power of attorney is set out in the body of the instrument, which bears the corporate signature by its proper officers, under its corporate seal. The execution of the deed, therefore, has the same application to the power of attorney, as to the deed itself. With this reasonable and proper interpretation of the requirements of the statute, it will be found that every condition imposed has been strictly complied with.

The judgment is affirmed, with costs.