INDUSTRIAL BANK OF WASHINGTON, a Corporation, Appellant,

v.

Walter N. TOBRINER et al., Commissioners of the District of Columbia, and Theodore J. Scheve, Appellees.

No. 20947.

United States Court of Appeals District of Columbia Circuit.

Feb. 15, 1968.

Mr. George H. Windsor, Washington, D. C., with whom Mr. George E. C. Hayes, Washington, D. C., was on the pleadings, for appellant.

Mr. Robert E. McCally, Asst. Corporation Counsel, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Henry E. Wixon, Asst. Corporation Counsel, were on the pleadings for appellees Walter N. Tobriner et al.

Mr. Herman Miller, Washington, D. C., for appellee Theodore J. Scheve.

Before BURGER, McGOWAN and ROBINSON, Circuit Judges.

## ORDER

PER CURIAM.

This cause came on for hearing on the motion of appellee Scheve to dismiss appellant's appeal from the denial by the District Court of a preliminary injunction sought by appellant and the Court heard argument.

Upon consideration whereof and of appellee's motion for leave to file supplemental affidavit, and it appearing that plaintiff's complaint and defendant's motion to dismiss said complaint are presently pending in the District Court, it is

Ordered by the Court that this appeal is dismissed and the case is remanded to the District Court for further proceedings consistent with the attached opinion, and it is

Further ordered by the Court that the aforesaid motion for leave to file supplemental affidavit is denied.

PER CURIAM:

Appellant brought suit in the District Court to enjoin the appellee Commissioners of the District of Columbia from issuing a tax deed of certain realty to appellee Theodore Scheve, the purchaser of the property at a tax sale. Appellant contends that the pertinent sections of the District of Columbia Code[1] should be construed to permit redemption by the owner or one having an interest in the property at any time prior to actual issuance of a deed, notwithstanding expiration of the two year period during which redemption is expressly permitted by the statute. Alternatively, it argues that the statute is unconstitutional insofar as it permits the rights of a lienor to be cut off without notice of the tax sale.

Appellant's motion for a preliminary injunction was denied by the District

---

1. "* * * Immediately after the close of the sale, upon payment of the purchase money, the said collector of taxes shall issue to the purchaser a certificate of sale, and if the property shall not be redeemed by the owner or owners thereof within two years from the last day of sale, by payment to the collector of taxes of said District, for the use of the legal holder of the certificate, the amount for which it was sold at such sale, exclusive of surplus, and one per centum thereon for each month or part thereof, a deed shall be given by the Commissioners of the District, or their successors in office, to the purchaser at such tax sale * * *." D.C.Code § 47–1003 (1967 ed.).

"The owner of any property sold as aforesaid, or any other person having an interest therein at the time of redemption, may redeem the same from such sale at any time within two years after the last day of sale by paying to the collector of taxes, for the use of the purchaser, his heirs and assigns, the sum mentioned in the certificate of sale therefor, exclusive of surplus with interest thereon at the rate of twelve per centum per annum after the date of such certificate of sale." D.C.Code § 47–1005 (1967 ed.).

Court.[2] Appellant filed a timely notice of appeal, but did not seek a stay or other interlocutory relief from this court.[3] Shortly thereafter, the tax deed was issued by the Commissioners to appellee Scheve and recorded in the land records of the District of Columbia. Appellee Scheve now moves to dismiss the appeal, primarily on the ground that issuance of the deed has rendered it moot.[4]

 This appeal is not moot, since "it has long been established that where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the *status quo*." Porter v. Lee, 328 U.S. 246, 251, 66 S.Ct. 1096, 1099, 90 L.Ed. 1199 (1946).[5] But,

for the same reason, neither is appellant's claim for permanent relief moot, and the denial of a preliminary injunction can cause it no irreparable injury.[6] We therefore dismiss the appeal, not for mootness, but because there are no circumstances indicating a need for interlocutory injunctive relief.[7]

 Appellant, defending the appeal, argues that it "presents squarely the substantive question" of appellant's right to redeem the property in question. The record is indeed ambiguous as to whether the District Court undertook to decide that question on the motion for a preliminary injunction.[8] Nonetheless, this appeal—from denial of such an injunction—cannot be equated with an

2. In ruling on the motion, the District Judge set forth, *inter alia*, the following conclusions of law:

"* * * [N]either the * * * owner of record of said property, nor the plaintiff having redeemed said tax sale within two years of the date of said sale, their request to redeem thereafter is barred by the statute. * * *

"* * * [T]he defendants Scheve are entitled to have said tax deed issued and delivered to them by the Commissioners of the District of Columbia."

3. Appellant's motion for summary reversal was denied by this court May 22, 1967.

4. The other grounds asserted are merely attempts to refute the contentions made by appellant on the merits of the appeal.

5. *Accord*, Jones v. Securities and Exchange Commission, 298 U.S. 1, 15–18, 56 S.Ct. 654, 80 L.Ed. 1015 (1936) and cases discussed therein; Texas & N. O. R.R. v. Northside Belt Ry., 276 U.S. 475, 479, 48 S.Ct. 361, 72 L.Ed. 661 (1928); Ramsburg v. American Investment Co., 231 F.2d 333 (7th Cir. 1956) and cases discussed therein, 231 F.2d at 336–38; Turney v. Shriver, 269 Ill. 164, 109 N.E. 708 (1915).

The cases of Shaw v. Lane, 47 App. D.C. 170 (1917) appeal dismissed , *sub nom.* Shaw v. Payne, 254 U.S. 609, 41 S. Ct. 60, 65 L.Ed. 436 (1920); Chesapeake Western Ry. v. Jardine, 56 App.D.C. 33, 8 F.2d 794, cert. denied *sub nom.* Town of Bridgewater v. Jardine, 270 U.S. 653, 46 S.Ct. 352, 70 L.Ed. 782 (1925), and Bunn v. Werner, 93 U.S. App.D.C. 363, 210 F.2d 730 (1954), are distinguishable, since in those cases res-

toration of the *status quo* was impossible, because the rights of persons not parties to the suits had intervened. See Shaw v. Lane, *supra*, 47 App.D.C. at 173; Chesapeake Western Ry. v. Jardine, *supra*, 56 App.D.C. at 34, 8 F.2d at 795; Reiter v. Universal Marion Corp., 107 U.S.App.D.C. 6, 10, 273 F. 2d 820, 824 (1959). See also, Fink v. Continental Foundry & Mach. Co., 240 F.2d 369, 375 (7th Cir.) cert. denied, 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957); Sobel v. Whittier Corp., 195 F. 2d 361, 363 (6th Cir. 1952); Kelaghan v. Industrial Trust Co., 211 F.2d 134 (1st Cir. 1954); Sawyer v. Pioneer Mill Co., 300 F.2d 200, 202 (9th Cir.) cert. denied 371 U.S. 814, 83 S.Ct. 24, 9 L.Ed.2d 55 (1962). *But see* Brill v. General Indus. Enterprises, 234 F.2d 465 (3d Cir. 1956).

6. As appellant noted in its opposition to the motion to dismiss, and as both parties agreed at oral argument, the doctrine of *lis pendens* protects appellant's rights from loss or impairment by a conveyance of the property by appellee Scheve. Merillat v. Hensey, 34 App.D.C. 398, 404 (1910); Columbia Heights Realty Co. v. MacFarland, 31 App.D.C. 112, 126–27 (1908), aff'd 217 U.S. 547, 30 S.Ct. 581, 54 L.Ed. 877 (1910); Wilkinson v. District of Columbia, 22 App. D.C. 289, 295 (1903); see Moses v. Boss, 63 App.D.C. 381, 72 F.2d 1005 (1934); Eggleston v. Wayland, 56 App.D.C. 77, 10 F.2d 642 (1925).

7. See St. Louis Southwestern Ry. Co. v. Board of Directors, 32 F.2d 124 (8th Cir. 1929).

8. See note 2, *supra.*

appeal from a final disposition on the merits. While the probability of success on the merits is a factor to be considered on a motion for preliminary injunction, such an application "does not involve a final determination of the merits," but rather "the exercise of a sound judicial discretion" on the need for interim relief. Public Service Commission of Wisconsin v. Wisconsin Telephone Co., 289 U.S. 67, 70, 53 S.Ct. 514, 515, 77 L.Ed. 1036 (1933).[9] "When a motion for preliminary injunction is presented to a court in advance of hearing on the merits, it is called upon to exercise its discretion 'upon the basis of a series of estimates: the relative importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, the probability of the ultimate success or failure of the suit, the balancing of damage and convenience generally. * * * '" Perry v. Perry, 88 U.S.App.D.C. 337, 338, 190 F.2d 601, 602 (1951), quoting from Communist Party of U. S. of America v. McGrath, 96 F.Supp. 47, 48 (D.C.D.C.1951) (concurring opinion of Judge Bazelon). In reviewing such a determination, this court ordinarily "will not consider the merits of the case further than necessary to determine" whether the District Court abused its discretion. Young v. Motion Picture Association, 112 U.S.App.D.C. 35, 37, 299 F.2d 119, 121 (1962).[10] To the extent that the findings and conclusions of the District Judge purported to settle finally the questions of law and fact raised by the complaint, those findings and conclusions went beyond the determination the judge was called upon to make,[11] and should not be regarded as binding in further proceedings in the trial court.[12]

 Appellant appears to have made no effort in the District Court to stipulate that the whole case on the merits should be determined on the motion for preliminary injunction.[13] Absent such an understanding, the denial of the motion left the complaint pending. At oral argument, it appeared that a motion to dismiss has been filed which the District Court will not act upon because of this appeal; and there was some confusion as to precisely what issues remain to be determined *vis-à-vis* the complaint. All this suggests the essential disorderliness of our considering an appeal from a denial of a preliminary injunction as if it were an appeal from a dismissal of the complaint.

---

9. See Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953); Cone v. Rorick, 112 F.2d 894 (5th Cir. 1940).

10. *Accord*, Maas v. United States, 125 U. S.App.D.C. 251, 371 F.2d 348 (1966).

11. Cone v. Rorick, *supra* note 9; Fed.R. Civ.P. 52(a); *cf.* Toregas v. Susser, 110 U.S.App.D.C. 177, 290 F.2d 368 (1961).

12. See Bunn v. Werner, *supra* note 5; Hamilton Watch Co. v. Benrus Watch Co., *supra* note 9, 206 F.2d at 740, 742.

13. Fed.R.Civ.P. 65(a)(2).