In re Lester Carpenter
**LEONARD, Jr., Debtor.**

**NATIONAL PERMANENT BANK, F.S.B., et al., Plaintiffs,**

v.

**Lester Carpenter LEONARD, Jr., Defendant.**

**Bankruptcy No. 85–00141.
Adv. No. 85–0045.**

United States Bankruptcy Court, District of Columbia.

June 18, 1986.

See also, 55 B.R. 106.

Robert F. Troll, Jr., Ross, Marsh & Foster, Bethesda, Md., for plaintiffs.

Charles A. Docter, Docter, Docter & Salus, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

GEORGE FRANCIS BASON, JR., Bankruptcy Judge.

This matter comes before the Court upon the Bank's and Trustees' Motion for Partial Summary Judgment upon their request for a declaratory judgment that the Debtor-in-Possession, Lester Carpenter Leonard, Jr. has no interest in certain premises known as 2630 Adams Mill Road, N.W., Washington, D.C.

The facts are not in dispute. Leonard acquired title to the subject property by Deed dated October 31, 1966, and recorded November 2, 1966, in the Land Records of the District of Columbia. The purchase was subject to an earlier note to Enterprise Federal Savings and Loan Association, secured by a Deed of Trust as to which American Security and Trust Company was the Trustee. Movant National Permanent Bank, F.S.B. is the successor to Enterprise, and Movants Owen and Kay are the Substitute Trustees for American Security and Trust Company. A default occurred, and a foreclosure was cried on January 7, 1982, at which Ralph Kaiser was the highest bidder. Kaiser failed to settle in accordance with the terms of his bid. The Trustees readvertised the property and on May 3, 1982, cried a second foreclosure, at which James A. Stuart was the highest bidder. Stuart also failed to settle in accordance with his bid. Stuart filed suit against American Security Bank for specific performance, and lost both in the Superior Court and the Court of Appeals for the District of Columbia.

Movants argue that the Debtor was divested of equitable title when the hammer of the auctioneer fell. I believe I need not decide at this juncture whether this is the law of the District of Columbia, because in this case the Debtor was in any event revested with equitable title when the auction bidder defaulted.

As all parties seem to agree, equitable title must at all times reside somewhere. Apparently the law, like Nature, abhors a vacuum.

■ I cannot agree with counsel for the Bank that equitable title should revert to the Trustee. If equitable title reverts to the Trustee, then there would be a merger of legal and equitable title in the Trustee and the Trustee would have no responsibility to do anything further on behalf of any of the other parties. That is obviously an improper result and contrary to the terms of the deed of trust. If this were the case, then the Bank would have had both legal and equitable title after the first foreclosure sale was cried and the first auction bidder defaulted. Obviously, the Bank itself did not believe that this was the case, because it proceeded to readvertise and cry a second foreclosure.

Likewise, it would be equally impermissible to hold that equitable title remains with the defaulting purchaser. If that were so, the defaulting purchaser would appear to be the one entitled to any excess proceeds upon the resale, again contrary to the terms of the deed of trust and contrary to the common understanding of what happens in this type of situation.

The only remaining party to whom equitable title could pass is the title holder of the property, the defaulting debtor. And that, it seems to me, comports with logic and common sense as well as the terms of the deed of trust. I hold, therefore, that title to the property does revest in the debtor, in this case Mr. Leonard, under District of Columbia law.

■ Alternatively, I hold * that the Debtor is entitled to recover title in his capacity

---

* On the authority of *Durrett v. Washington Nat'l* *Ins. Co.,* 621 F.2d 201 (5th Cir.1980) and its

as Debtor-in-Possession invested with the rights of a trustee in bankruptcy, pursuant to 11 U.S.C. § 544(a)(1) and 11 U.S.C. § 544(a)(3). I refer in that connection to the case of *In re Parkwood,* 461 F.2d. 158 (D.C.Cir.1971) and my own recent decision in *In re Chapman,* 51 B.R. 663 (1985). The Debtor-in-Possession has the rights of a hypothetical bona fide purchaser and judicial lien creditor. The transfer of real property in the District of Columbia is effective as to subsequent bona fide purchasers and lien creditors without notice of a transfer only upon the recording of the deed conveying the real property with the Recorder of Deeds. Section 45–801, D.C. Code, 1981 Edition.

It is conceded by the parties that neither of the foreclosures which was instituted by the Trustees is a matter of record at the Recorder of Deeds, since the Trustees were proceeding pursuant to the powers of sale incorporated in their trust agreement in a jurisdiction which does not require judicial foreclosure. I have researched the question of whether the case of *Stuart v. American Security Bank* constituted a *lis pendens* upon the property so as to constitute constructive notice of the attempted foreclosure. It appears that the case of *Stuart v. American Security Bank* was not one in which Mr. Leonard, who is the holder of record title, was named as a party. In the case of *Eggleston v. Wayland,* 10 F.2d 642 (1925), the Court of Appeals of the District of Columbia at page 643 stated as follows:

"It is contended that the equity suit operated as a *lis pendens,* and was constructive notice to plaintiff of the issues involved therein. We are not impressed by this contention. The deed of trust was not involved in the equity suit, and neither the trustee nor the party secured were parties to that suit. The legal title to the property was in the trustee, and could not be affected by the equity suit, so long as it was not made a party thereto."

progeny, as statutorily ratified by the 1984 amendment to 11 U.S.C. § 101(48). *See In re*

The rule of constructive notice by *lis pendens* is stated to be precisely the same in Pomeroy's Equity Jurisprudence, Section 637 as follows:

"Constructive notice by the pendency of the suit extends only to those who derive title from a party or privy...."

In this case, Mr. Leonard was not a party, or in privity with any party, to the *Stuart v. American Security Bank* litigation, and accordingly there was not constructive notice which would serve to negate the rights of a judicial lien creditor or bona fide purchaser whose rights are vested upon the trustee or debtor-in-possession pursuant to 11 U.S.C. § 544(a).

Movants point out that a prior receivership is reflected on the land records; but that receivership does not give constructive notice of the attempted foreclosures nor of any interest in the property on the part of any purchaser or prospective purchaser in either one of the two foreclosure sales that were held but not consummated.

Accordingly, the Court holds that the Motion for Partial Summary Judgment filed by the Movants should be and is denied, and since none of the relevant facts is in dispute, Summary Judgment is granted to the Debtor to the extent of declaring that the equitable title in this property does reside in the Debtor. See 6 *Moore's Federal Practice,* ¶ 56.12. Since the only issue remaining in this litigation is the Bank's Request for Relief from Automatic Stay, and since Movants agree to seek this relief by a separate motion, in accordance with normal procedure, it is

ORDERED: That this case be, and it hereby is dismissed without prejudice to the right of Movants to seek relief from the automatic stay pursuant to 11 U.S.C. § 362.

*Ruebeck,* 55 B.R. 163, 13 B.C.D. 1106 (Bankr. Mass.1985), for review of cases.