# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 8, 2012           Decided April 6, 2012

No. 11-5116

NBC-USA HOUSING, INC., TWENTY-SIX,
APPELLANT

v.

SHAUN DONOVAN, IN HIS CAPACITY AS SECRETARY OF THE
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT AND
ROY S. LILLEY, IN HIS CAPACITY AS FORECLOSURE
COMMISSIONER FOR THE DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-02245)

---

*Scott W. Reid* argued the cause for appellant. With him on the briefs were *Robert K. Magovern* and *Dexter R. Hamilton*.

*David C. Rybicki*, Assistant U.S. Attorney, argued the cause for federal appellees. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: HENDERSON, ROGERS and KAVANAUGH, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This is an appeal from the denial of declaratory and injunctive relief against the foreclosure sale of Fortner Manor, an apartment complex for elderly and disabled low-income residents, by the Department of Housing and Urban Development ("HUD"). The complex, funded under Section 811 of the Cranston-Gonzalez National Affordable Housing Act ("Section 811"), 42 U.S.C. § 8013 (2006), was severely damaged by Hurricane Katrina. Upon concluding that NBC-USA Housing, Inc., Twenty-Six ("NBC") had failed to make appropriate arrangements to restore the complex for occupancy, as required under its Section 811 agreements, HUD declared NBC in default on its mortgage in December 2008 and initiated foreclosure proceedings in May 2009. Following the district court's grant of summary judgment and denial of injunctive relief against the foreclosure sale, HUD resumed foreclosure proceedings. In November 2011, HUD sold the property to a third party not before the court. Consequently, the court cannot grant NBC effective relief, and we dismiss the appeal as moot.

**I.**

Section 811 authorizes HUD "to provide assistance to private, nonprofit organizations to expand the supply of supportive housing for persons with disabilities" in two ways. 42 U.S.C. § 8013(b)(2). First, HUD can provide a capital advance that "shall bear no interest[,] and its repayment shall not be required so long as the housing remains available for very-low-income persons with disabilities." *Id.* § 8013(d)(1). "To ensure its interest in the capital advance," HUD requires a receiving organization to sign a mortgage agreement, a regulatory agreement, and a use agreement. 24 C.F.R. § 891.170(a) (2011). Second, HUD can provide project rental assistance in the form of "monthly payments to cover any part

of the costs attributed to units occupied . . . by very low-income persons with disabilities that is not met from project income." 42 U.S.C. § 8013(d)(2). In exchange for Section 811 assistance, an organization must agree to operate the housing project for at least forty years. *See id.* § 8013(e)(1). Throughout this time, HUD requires the organization to ensure that the housing remains "decent, safe, sanitary and in good repair." 24 C.F.R. § 5.703 (2011). In the event the organization breaches a covenant or condition in its mortgage, HUD can foreclose on the property in accordance with the Multifamily Mortgage Foreclosure Act of 1981 ("Mortgage Foreclosure Act"), 12 U.S.C. §§ 3701–17 (2006).

NBC is a private non-profit organization of the National Baptist Convention, USA, Inc. In September 1999, NBC signed a Section 811 mortgage with HUD to fund the construction of Fortner Manor, an apartment complex for elderly and disabled low-income residents, located in New Orleans. Pursuant to the mortgage agreement, NBC received a capital advance of $1,535,700, and HUD retained a security interest in Fortner Manor. In the event of a monetary default of more than thirty days or a "breach of any other covenant herein stipulated," HUD could accelerate NBC's obligation to repay the entire principal sum and would "have the right immediately to foreclose" on the mortgage. NBC-HUD Mortgage Agreement ¶ 21, Sept. 29, 1999. Incorporated by reference was a regulatory agreement, which required NBC to maintain Fortner Manor "in good and substantial repair and condition" and provided that, upon notification, NBC would have thirty days to remedy any violation. NBC-HUD Regulatory Agreement ¶¶ 8, 15, Sept. 29, 1999. Upon NBC's failure to do so, HUD could declare a default of the regulatory agreement, declare the entire indebtedness on the mortgage "immediately due and payable[,] and then proceed with the foreclosure of the mortgage." *Id.* ¶ 15(c). NBC also entered into a project rental assistance contract

("PRAC") with HUD, which was incorporated by reference in the regulatory agreement and required NBC "to maintain and operate [Fortner Manor] . . . to provide decent, safe, and sanitary housing." NBC-HUD Project Rental Assistance Contract § 2.5(a), Aug. 1, 2001.

Fortner Manor suffered extensive damage from Hurricane Katrina in August 2005 and has since remained uninhabitable. HUD and NBC engaged in a series of communications regarding NBC's plans and funding for the rehabilitation of Fortner Manor. After two years had passed, HUD concluded that NBC's responses to its requests for information were inadequate and began sending NBC notices of regulatory agreement violations; the notices gave NBC thirty days to submit an acceptable plan and forewarned NBC that its failure to remedy the violations could lead to a declaration of default allowing HUD to "seek any and all available remedies, including but not limited to, acceleration of the outstanding principal indebtedness, foreclosure or any other appropriate remedies," Notice of Regulatory Agreement Violation, Aug. 7, 2007; *see also* Notice of Regulatory Agreement Violation, Nov. 8, 2007. In March 2008, HUD sent NBC a notice of default on the PRAC, stating NBC was in default of the Regulatory Agreement and the PRAC and that HUD would "pursue any and all remedies available to it without further notice." Notice of Default of PRAC, Mar. 5, 2008. HUD sent a similar notice to NBC on December 18, 2008, this time declaring that the entire indebtedness on the mortgage was due and payable, and giving NBC twenty-one days to provide a statement why foreclosure should not proceed or seven days to request a meeting with HUD, or foreclosure proceedings would be instituted without further notice. No such response from NBC appears in the record.

In May 2009, exercising its authority under the Mortgage Foreclosure Act to initiate nonjudicial foreclosure proceedings against Section 811 projects in default on their mortgages, *see* 12 U.S.C. §§ 3705, 3707, HUD appointed Roy S. Lilley as foreclosure commissioner to conduct the foreclosure sale of Fortner Manor, *see id.* §§ 3704, 3707. Jim Hotard Properties, LLC submitted the winning bid at the foreclosure sale held on July 28, 2009; it transferred its interest in Fortner Manor to Lapeyrouse Investments, LLC. Because NBC threatened suit, however, Lapeyrouse Investments was unable to obtain title insurance and, consequently, the loan necessary to close on the sale. NBC filed suit in the federal district court on November 25, 2009, five days prior to the next scheduled foreclosure sale, which yielded no bids on Fortner Manor.

In its complaint, NBC sought declaratory judgments that HUD had discriminated against NBC and unlawfully singled out Fortner Manor for foreclosure, had violated its own regulations, and had otherwise acted arbitrarily and capriciously in proceeding with the foreclosure sale. NBC also requested injunctions against the transfer of the property "pursuant to the illegal non-judicial foreclosure." Compl. at 17 (requesting relief for Count IV). The district court dismissed the complaint as to defendants Jim Hotard Properties, LLC, *NBC-USA Housing, Inc., Twenty-Six v. Donovan*, 741 F. Supp. 2d 55, 61 (D.D.C. 2010), and Roy S. Lilley, *NBC-USA Housing, Inc., Twenty-Six v. Donovan*, 774 F. Supp. 2d 277, 294 (D.D.C. 2011), for lack of personal jurisdiction. On March 31, 2011, the district court dismissed the case in its entirety, ruling that NBC's discrimination and singling-out claims failed to state a claim, HUD was entitled to summary judgment on NBC's remaining claims, and, accordingly, NBC was not entitled to a permanent injunction against the foreclosure sale, *see NBC-USA Housing*, 774 F. Supp. 2d at 296–98, 309–10 & n.29. NBC timely

appealed; however, it did not seek a stay pending appeal in either the district court or this court.

HUD recommenced foreclosure proceedings against Fortner Manor in August 2011. At the foreclosure sale held on October 6, 2011, James S. Hotard, Jr. submitted the winning bid on behalf of Elderly Housing of America, LLC ("EHA"). *See* Supp. Decl. Roy S. Lilley ¶¶ 10–11 (filed Dec. 23, 2011). On November 21, 2011, Lilley, who had been reappointed foreclosure commissioner, "signed and finalized" a foreclosure deed "conveying all rights, title, and interest" in Fortner Manor to EHA. *Id.* ¶ 11; *see* 12 U.S.C. §§ 3713, 3714. The foreclosure deed directed the Recorder of Mortgages of Orleans Parish, Louisiana, to "cancel and erase" all listed inscriptions relating to NBC's Section 811 mortgage on Fortner Manor and its default thereon. Lilley Supp. Decl. Ex. B at 3. The Mortgage Foreclosure Act, in turn, required the Recorder of Mortgages "or other appropriate official of the county or counties in which [Fortner Manor] is located" to "accept[] for recordation" the foreclosure deed "and any other instruments submitted for recordation in relation to the foreclosure of the security property." 12 U.S.C. § 3714(b).

## II.

Article III, Section 2 of the Constitution authorizes federal courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). Accordingly, federal courts may not "issu[e] advisory opinions or 'decid[e] questions that cannot affect the rights of litigants in the case before them.'" *Pub. Utilities Comm'n of Cal. v. FERC*, 236 F.3d 708, 713 (D.C. Cir. 2001) (quoting *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 90–91 (D.C. Cir. 1986)). If, pending an appeal, an "intervening event" makes it impossible for the court to grant a prevailing party "any effectual relief whatever," the appeal must

be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)) (internal quotation marks omitted).

HUD's foreclosure sale of Fortner Manor is such an intervening event. NBC did not ask the district court to issue an injunction pending appeal, *see* FED. R. CIV. P. 62(c), or move in either the district court or this court for a stay pending appeal, *see* FED. R. APP. P. 8(a)(1)(A), (2). Nor did the appeal itself operate as a stay of the district court's judgment entered March 31, 2011, or of the foreclosure proceedings. *See* FED. R. CIV. P. 62(a)(1); *Chesapeake W. Ry. v. Jardine*, 8 F.2d 794, 795 (D.C. Cir. 1925). Thus, HUD was not barred from proceeding with the foreclosure sale of Fortner Manor on October 6, 2011, at which EHA submitted the highest bid. The execution of the foreclosure deed on November 21, 2011, rendered the foreclosure sale final and concluded HUD's involvement in the transfer of Fortner Manor to EHA, leaving no further action by HUD for a court to enjoin.

Because HUD has sold Fortner Manor to a third party not before the court, NBC's appeal of the denial of its "request for an injunction against the sale is [] moot and accordingly beyond our jurisdiction." *Kessler v. Surface Transp. Bd.*, 637 F.3d 369, 372 (D.C. Cir. 2011) (citing *Calderon*, 518 U.S. at 150; *Bunn v. Werner*, 210 F.2d 730, 731 (D.C. Cir. 1954)). Where "all of the parties to the transaction are before the court," it may remain possible for the court to grant effective relief notwithstanding the completion of the transaction sought to be enjoined, for "[i]f unraveling the transfer is necessary after the [] court decides the merits, it will be within the court's power to do so." *Lemon v. Geren*, 514 F.3d 1312, 1316 (D.C. Cir. 2008) (citing *Porter v. Lee*, 328 U.S. 246, 251 (1946); *Indus. Bank of Wash. v. Tobriner*, 405 F.2d 1321, 1323 (D.C. Cir. 1968)). The purchaser, EHA, is not before the court; therefore, it would not

be within the court's power to unravel the sale of Fortner Manor were NBC ultimately to prevail on the merits of its claims. Nor can NBC's requests for declaratory judgment shore up the court's ability to grant effective relief. Where an intervening event renders the underlying case moot, a declaratory judgment can no longer "affect[] the behavior of the defendant towards the plaintiff," *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis omitted), and thus "afford[s] the plaintiffs no relief whatsoever," *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). NBC's response — that mootness is premature because "Fortner Manor still is deeded to NBC and title still rests with NBC," Reply Br. 2, and HUD could not sell a property on which it does not have good title — is irreconcilable with the terms of its Section 811 agreements with HUD, the foreclosure deed, and the Mortgage Foreclosure Act.

Accordingly, we dismiss the appeal as moot and do not reach the merits of NBC's appeal.