# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5026

September Term, 2024

FILED ON: MARCH 11, 2025

DEFEND ARLINGTON, ET AL.,
    APPELLANTS

ROY P. HUDSON, JR., ET AL.,
    APPELLANTS

v.

UNITED STATES DEPARTMENT OF DEFENSE, ET AL.,
    APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:23-cv-00441)

Before: SRINIVASAN, *Chief Judge*, HENDERSON, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*

## J U D G M E N T

We considered this case on the record and the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the appeal is **DISMISSED** as moot. The district court's December 12, 2023 order is vacated and the matter is remanded to the district court for disposition in accordance with this judgment.

Appellants are individuals and associations who collectively seek to prevent the U.S. Department of Defense ("Defense") and the Army from carrying out the decision to remove the Confederate Cenotaph ("Memorial") from Arlington National Cemetery; but the Memorial was removed over a year ago. It now belongs to the Commonwealth of Virginia, which is not a party to this suit.

Appellants allege that Appellees failed to comply with the Administrative Procedure Act (5 U.S.C. § 706(2)(A), (C)), the Federal Advisory Committee Act (10 U.S.C. § 7723), the National

1

Environmental Policy Act (42 U.S.C. § 4321 *et seq.*) and the National Historic Preservation Act (54 U.S.C. § 300101 *et seq.*). They argue that the October 6, 2022 memorandum issued by Defense Secretary Lloyd Austin improperly deferred to the recommendations of the Naming Commission, which body he had previously established as directed by the Congress pursuant to § 370 of the National Defense Authorization Act (Pub. L. No. 116-283). In his memorandum, Secretary Austin agreed with the Commission recommendations, which included the decision to remove the Memorial, and directed full implementation thereof.

Appellants sought declaratory and injunctive relief, including the following:

1. Declare that Defendants [*sic*] order requiring removal of the Memorial violates the APA, NDAA, NEPA, NHPA and the FACA;
2. Declare that Defendants have no authority to authorize or direct removal of the Memorial;
3. Enjoin Defendants from enforcing the order to remove the Memorial from [Arlington National Cemetery]; and
4. Grant such other and further relief as the Court deems appropriate.

J.A. 38. The district court granted a 12(b)(6) dismissal on December 12, 2023. Defense removed the Memorial from Arlington before a timely notice of appeal was filed, storing the Memorial at a Defense facility. Appellants' Emergency Mot. for Stay or Inj. Pending Appeal, Ex. A, Sept. 26, 2024 ("Ex. A"). The Army, the Advisory Council on Historic Preservation and the Virginia State Historic Preservation Officer signed a programmatic agreement outlining the Memorial's disposition after its removal. Appellee Br., 14–15. As amended in July 2024, the agreement specified that the Army was to transfer the Memorial to the Commonwealth of Virginia by deed of gift. *Id.* at 16. Ownership of the Memorial transferred to Virginia on August 3, 2024. Ex. A, Attach. 2. Currently the Memorial remains in a Defense facility, subject to an annual fee paid by Virginia, while Virginia determines its ultimate destination. Appellee Br., 16. Appellees assert that the case is moot.

"[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" as moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Even if a "fully satisfactory remedy" is unavailable, a case is not moot if "a court does have power to effectuate a partial remedy." *Id.* at 13. Similarly, when intervening transactions can be unwound, a case may not be moot. For example, a case seeking declaratory and injunctive relief to prevent the Army's transfer of a base to a state development corporation was not moot even after the state sold the property to a private real estate investment trust because "[i]f unraveling the transfer is necessary after the district court decides the merits, it will be within the court's power to do so." *Lemon v. Geren*, 514 F.3d 1312, 1316 (D.C. Cir. 2008). But critical to this remedy was that "all of the parties to the transaction [were] before the court." *Id.* We have long distinguished cases in which a mandatory injunction can restore the status quo from those in which "restoration of the status quo was impossible, because the rights of persons not parties to the suits had intervened." *Indus. Bank of Wash. v. Tobriner*, 405 F.2d 1321, 1323 n.5 (D.C. Cir. 1968) (collecting cases); *see also Fed. Trade Comm'n v. Weyerhaeuser Co.*,

648 F.2d 739, 741 (D.C. Cir. 1981) (finding it relevant that "[t]he necessary parties . . . are all present before this court" in ordering the parties to return to the "status quo existing at the time when the motion for injunctive relief was denied in the District Court"). Accordingly where, as here, the sole injunctive relief sought by Appellants implicates the rights of Virginia, titleholder of the Memorial, an appropriate remedy cannot be fashioned without Virginia as a party to the suit. As a result, the case is moot.

Declaratory relief sought by Appellants does not save their appeal. We have held that

if a plaintiff has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the specific action was unlawful, unless the specific claim fits the exception for cases that are 'capable of repetition, yet evading review.'

*City of Houston v. HUD*, 24 F.3d 1421, 1429 (D.C. Cir. 1994) (citations omitted). The complaint focuses entirely upon the Memorial, not the broader Defense policy of implementing the Naming Commission's recommendations, and so attacks only an isolated agency action. Nor is this a case or controversy "capable of repetition, yet evading review." *Spencer v. Kemna*¸ 523 U.S. 1, 17 (1998). This doctrine applies only "in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (alterations omitted). Here, almost 21 months elapsed between the challenged memorandum and the transfer of ownership, and plainly the Memorial can never be removed from Arlington again.

\* \* \*

For the foregoing reasons, we dismiss the appeal as moot.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3