**SAWYER v. UNITED STATES STEEL CO. et al. and nine other cases.**

**Nos. 11404–11413.**

United States Court of Appeals District of Columbia Circuit.

May 2, 1952.

Writ of Certiorari Granted May 3, 1952.

See 72 S.Ct. 775.

Judgment of the District Court was affirmed by the Supreme Court, 72 S.Ct. 863.

Stephens, Chief Judge, and Clark, Wilbur K. Miller and Proctor, Circuit Judges, dissented.

Asst. Atty. Gen. Holmes Baldridge, of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of Court, and Acting Attorney General Perlman, Washington, D. C., for appellant.

Howard C. Westwood, Washington, D. C., for appellee United States Steel Company in Nos. 11,404–5. John Lord O'Brian and Stanley L. Temko, Washington, D. C., entered appearances for appellee in Nos. 11,404–5.

Bruce Bromley, New York City, of the bar of the Supreme Court of New York, pro hac vice, by special leave of Court, for appellee Bethlehem Steel Company, et al., in No. 11,406. E. Fontaine Broun, and Stanley L. Temko, Washington, D. C., en-tered appearances for appellee in No. 11,406.

Thomas F. Patton, Cleveland, Ohio, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, for appellee Republic Steel Corporation in Nos. 11,407–8.

Edmund L. Jones, Howard Boyd and Stanley L. Temko, all of Washington, D. C., entered appearances for appellee in Nos. 11,407–8.

John C. Bane, Jr., Pittsburgh, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of Court, for appellee Jones & Laughlin Steel Corporation in No. 11,409. Sturgis Warner and Stanley L. Temko, Washington, D. C., entered appearances for appellee in No. 11,-409.

John J. Wilson and John C. Gall, Washington, D. C., for appellees Youngstown Sheet and Tube Company and Youngstown Metal Products Company in Nos. 11,410–11. Stanley L. Temko, Washington, D. C., also entered an appearance for appellees in Nos. 11,410–11.

J. C. Peacock, Washington, D. C., for appellee E. J. Lavino and Company in No. 11,412. Stanley L. Temko, Washington, D. C., also entered an appearance for appellee in No. 11,412.

Joseph P. Tumulty, Jr., Washington, D. C., for appellees Armco Steel Corporation and Sheffield Steel Corporation in No. 11,-413. Stanley L. Temko, Washington, D. C., also entered an appearance for appellees in No. 11,413.

Before STEPHENS, Chief Judge, and EDGERTON, CLARK, WILBUR K. MILLER, PRETTYMAN, PROCTOR, BAZELON, FAHY and WASHINGTON, Circuit Judges.

EDGERTON, PRETTYMAN, BAZELON, FAHY and WASHINGTON, Circuit Judges.

The order entered by this court on April 30, 1952, was designed, as it recited, to preserve the jurisdiction of the United States Supreme Court and of this court over the controversies here presented, pending appeal.

584

■ The District Court thought that there was "utter and complete lack of authoritative support" for the Government's position, and that the steel companies would suffer irreparable injury by any continuance of Government possession of the mills. [103 F.Supp. 569, 576]

The Supreme Court said as long ago as 1871:

"* * * Extraordinary and unforeseen occasions arise, however, beyond all doubt, in cases of extreme necessity in time of war or of immediate and impending public danger, in which private property may be impressed into the public service, or may be seized and appropriated to the public use, or may even be destroyed without the consent of the owner. * * * Exigencies of the kind do arise in time of war or impending public danger, but it is the emergency, as was said by a great magistrate, that gives the right, and it is clear that the emergency must be shown to exist before the taking can be justified. Such a justification may be shown, and when shown the rule is well settled that the officer taking private property for such a purpose, if the emergency is fully proved, is not a trespasser, and that the government is bound to make full compensation to the owner." United States v. Russell, 1871, 13 Wall. 623, 627–628, 20 L.Ed. 474.

Only last year the Supreme Court held that "the United States became liable under the Constitution to pay just compensation" for a taking under circumstances closely parallel to those of the present case. United States v. Pee Wee Coal Co., 341 U.S. 114, 117, 71 S.Ct. 670, 95 L.Ed. 809.

In the case before us the Chief Executive took possession of the steel plants as President and as Commander-in-Chief. When that action was challenged, his delegated representative—the Secretary of Commerce—submitted to the court, in the form of affidavits of the Secretary of Defense and other officials primarily responsible for the national security, the evidence which they said "fully proved" the emergency.

Under these circumstances, the cases we have cited, and many others, indicate there is at least a serious question as to the correctness of the view of the District Court to which we have referred.

■ The Supreme Court has said an appellate court is empowered "to prevent irreparable injury to the parties *or to the public* resulting from the premature enforcement of a determination which may later be found to have been wrong." Scripps-Howard Radio v. Com'n, 316 U.S. 4, 9, 62 S.Ct. 875, 880, 86 L.Ed. 1229. (Emphasis added.) See also Virginian R. Co. v. Federal Communications System Federation No. 40, 300 U.S. 515, 552, 57 S.Ct. 592, 81 L.Ed. 789.

■■ The cases at bar were before the District Court upon motions for preliminary injunctions. Upon such a motion, the Supreme Court has ruled:

"* * * Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. * * *

"But where an injunction is asked which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 675, 88 L.Ed. 834.

In the affidavits in this record, defense officials are emphatic that continued production of steel is of vital importance to the national security, and submit data in support of that view. On the other hand, the companies may suffer monetary loss. But as to this the Government concedes that any such loss will be compensable under the Constitution, and the Supreme Court cases above cited support that view.

Upon these considerations, we think that the preliminary injunctions issued by the District Court must be stayed as we have ordered.[1]

Chief Judge STEPHENS and Circuit Judges CLARK, WILBUR K. MILLER, and PROCTOR dissent from the foregoing opinion.

---

1. The pertinent part of our order of April 30, 1952, is:

"Ordered by the Court that the orders of the District Court granting the preliminary injunctions in these cases be, and they are hereby, stayed until 4:30 o'clock P. M., Daylight Saving Time, on Friday, May 2, 1952, and, if petitions for writs of certiorari in these cases have then been filed in the Supreme Court, then until the Supreme Court acts upon the petitions for writs of certiorari; and, if the petitions for writs of certiorari be denied, then until the further order of this Court."