J. Allen YOUNG, Plaintiff,

v.

The NETHERLANDS OWNERS, INC., (a Delaware Corporation), and Thomas F. Burke, Trustee, Defendants.

Civ. A. No. 2666-69.

United States District Court
District of Columbia.

Oct. 14, 1969.

———◆———

Arthur E. Strout, Washington, D. C., for plaintiff.

Edward L. Curry, Asst. Corp. Counsel, Washington, D. C., for intervenor plaintiff District of Columbia.

Mark P. Friedlander, Jr., Washington, D. C., for defendant Netherlands Owners, Inc.

James T. Barbour, Washington, D. C., for defendant Burke.

## MEMORANDUM

SIRICA, District Judge.

The plaintiff, J. Allen Young, brought this action seeking injunctive relief and monetary damages alleging violations of Title 8 of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. (Supp. IV, 1968), and Article 45 of the Police Regulations of the District of Columbia. In his complaint alleges that on June 19, 1969, he entered into an agreement to purchase apartment number 402 in the cooperative apartment building at 1852 Columbia Road, N. W. from the defendant Thomas F. Burke. The building is owned by the defendant Netherlands Owners, Inc., whose shareholders are the owners of the individual apartments in the building. The Board of Directors of the corporation reserves the right to approve or disapprove a prospective purchaser of any apartment.

An evidentiary hearing was held on the motions for preliminary injunctions presently before this Court. It is agreed by all parties that the plaintiff appeared before the Board of Directors of the defendant corporation and was questioned regarding his financial status, his reasons for desiring the apartment, and his real estate holdings in the Washington area. Sometime after this meeting the Board voted not to approve the sale of the apartment to the plaintiff. It is also agreed that at this time and at all times material to this action, plaintiff and defendant Burke have been ready, willing and able to complete the sale.

After his rejection by the Board, plaintiff filed a complaint with the District of Columbia Human Relations Commission and filed this action, alleging in both that the Board had arbitrarily and discriminatorily refused to approve the sale of the apartment to him on the sole ground that he is a member of the Negro race. A staff member of the Commission investigated the complaint and reported to her superior, the Executive Director of the Commission, that it was her conclusion that an act

of discrimination had occurred.[1] The Commission staff has made an effort to conciliate the dispute, which is one of their primary functions under the Police Regulations of the District of Columbia, but has been unsuccessful. A tentative hearing date of October 27, 1969, has been set for a public hearing before the Commission on the complaint.

The Board of Directors of the defendant corporation allege in this action and in the proceeding before the Commission that their reason for rejecting the plaintiff's application was their belief that he wished to acquire the apartment for speculative purposes and apparently not for personal occupancy. They base this belief on the plaintiff's real estate holdings in the Washington area, and his evasiveness in response to interrogation as to the purpose and reasons for purchasing the apartment.

In this action the plaintiff seeks an injunction preventing defendant Burke from transferring the apartment during the pendency of this action and permanently to anyone other than plaintiff. He also asks that defendant Netherlands Owners, Inc. be enjoined from approving anyone else as a purchaser of the apartment, and be prevented from further withholding approval of plaintiff's purchase of the apartment. Plaintiff further seeks compensatory damages from defendant Netherlands Owners, Inc. in the sum of $10,000, alleging this as the cost to him of finding alternative housing of the same quality as the apartment in question. Plaintiff also prays the Court to grant him punitive damages in the amount of $10,000 because of the alleged willful discrimination by defendant Netherlands Owners, Inc.

Upon referral of this matter by the Human Relations Commission to the Corporation Counsel, the District of Columbia intervened as plaintiff in this suit. The District sought an injunction against

the conveyance of title to the apartment until the completion of the proceedings before the Commission and during the pendency of this action. The District proceeded pursuant to Article 45, Section 9(c) of the Police Regulations of the District of Columbia which provides:

> If at any time after a complaint has been filed the * * * [Commission] believes that appropriate civil action to preserve the status quo or to prevent irreparable harm appears advisable, the * * * [Commission] shall certify the matter to the Corporation Counsel, who may bring, in the name of the District of Columbia, any action necessary to preserve the status quo or to prevent such harm, including the seeking of temporary restraining orders and ° preliminary injunctions * * *.

The District alleges that if the sale of the apartment to anyone other than the plaintiff is allowed, not only will the plaintiff be irreparably harmed but

> the Commission will suffer irreparable harm in the destruction of its ability to complete its investigation of the alleged discriminatory acts and to attempt conciliation or other appropriate action on the complaint before it.[2]

The case comes before this Court on the motions of the plaintiff and the District of Columbia for preliminary injunctions. After consideration of the pleadings, the evidence introduced at the hearing on these motions, and the argument of counsel, it is the opinion of the Court that the motions should be granted. A preliminary injunction will issue enjoining defendant Burke from transferring any interest in the apartment to anyone other than the plaintiff during the pendency of this action, or until the proceedings before the Human Relations Commission are completed. Furthermore defendant Netherlands Owners, Inc. is enjoined from approving anyone

---

1. Affidavit of Pauline Frances Trezevant, Young v. Netherlands Owners, Inc., C.A. No. 2666–69 (D.D.C., filed Sept. 17, 1969).

2. Intervenor's Complaint for Injunction ¶ 11 at p. 3., Young v. Netherland Owners, Inc., C.A. No. 2666–69 (D.D.C., filed Sept. 24, 1969).

other than the plaintiff as a purchaser of the apartment until final determination of this action for a permanent injunction on its merits.

The Court wishes to emphasize that it is expressing no opinion on the merits of the plaintiff's claim that he was denied approval by the defendant corporation solely because he is a Negro. Such a determination must await a full hearing on the plaintiff's application for a permanent injunction. As our Court of Appeals recently stated:

> While the probability of success on the merits is a factor to be considered on a motion for preliminary injunction, such an application 'does not involve a final determination of the merits,' but rather 'the exercise of a sound judicial discretion' on the need for interim relief.[3]

The purpose of a preliminary injunction is to maintain the status quo of the parties pending a final adjudication of the merits of a claim. *See* Lodge 1858, American Federation of Government Employees v. Webb, 283 F.Supp. 155 (D.D.C.1968). In this case the Court believes that the interests of justice would be served by preventing the defendants from selling the apartment to a party other than the plaintiff until this action and the administrative proceedings before the Human Relations Commission have been completed. One of the factors which the Court must consider in the exercise of its discretion on a motion such as this is the harm which the issuance of the injunction will cause the party enjoined.[4] This is an especially important consideration in this case since it is defendant Burke, who has been accused of no wrongdoing, who is subject to injury since he cannot dispose of the apartment while this injunction is in force. The Court believes, however, the defendant Burke can be adequately protected by the posting of a bond of $10,000 by the plaintiff. The Court believes that the possibility of injury to defendant Burke is substantially less than the irreparable injury which may result to the plaintiff if Burke were allowed to transfer the apartment to another party while this action and the Commission proceeding are pending.

Another factor which should be considered by the Court in the issuance of a preliminary injunction is the public interest. The public policy in this area is clearly defined by the Civil Rights Act of 1866, 42 U.S.C. § 1982 (1964), which provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, *purchase,* lease, sell, hold, and convey real and personal property.[5] (Emphasis supplied).

---

3. Industrial Bank of Washington v. Tobriner, 132 U.S.App.D.C. 51, 54, 405 F.2d 1321, 1324 (1968).

4. Sawyer v. United States Steel Co., 90 U.S.App.D.C. 416, 197 F.2d 582 (1952).

5. This policy is further spelled out in the Police Regulations of the District of Columbia, Art. 45, § 1:

> Statement of Policy. It is the intent of the Commissioners of the District of Columbia in adopting this Article to secure an end to discrimination, by reason of race, color, religion or national origin against persons seeking or utilizing housing units, in a manner which affects the District of Columbia. This action, the Commissioners have found is rendered necessary by reason of the following conditions existing in the District of Columbia:

(a) Discrimination on account of race, color, religion or national origin in the sale and leasing of housing accommodations exists and is practiced individually and collectively by real estate brokers, salesmen, dealers, owners, lessors, and others;

(b) Housing available to Negroes is crowded, and affords poorer living conditions for the same or greater rent than housing accommodations available to white persons;

(c) There is a clear relationship between poor housing conditions and the health and comfort of the occupants, and the effects of such conditions also constitute a danger to the property of both white and Negroes;

(d) Discrimination in housing results in, or is likely to result in, dan-

This public policy can be adequately protected in this case only by the maintenance of the status quo of the parties pending the final resolution of the merits of plaintiff's claim.

For the foregoing reasons, the motions of the plaintiff and the District of Columbia for preliminary injunctions are granted. This opinion constitutes the Findings of Fact and Conclusions of Law. Counsel will submit an appropriate order.

ger to the lives, limbs, health, comfort, quiet and property of the inhabitants of the District of Columbia; and

(e) There are many Negroes who are capable economically of occupying better quality housing than is available to them because of discrimination in housing.