# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 18, 2009        Decided January 22, 2010

No. 08-1190

JAMES RIFFIN,
PETITIONER

v.

SURFACE TRANSPORTATION BOARD AND UNITED STATES OF
AMERICA,
RESPONDENTS

BOARD OF COUNTY COMMISSIONERS OF ALLEGANY COUNTY,
MARYLAND, ET AL.,
INTERVENORS

On Petition for Review of an Order
of the Surface Transportation Board

*James Riffin*, pro se, argued the cause and filed the briefs for petitioner.

*Erik G. Light*, Attorney, Surface Transportation Board, argued the cause for respondents. With him on the brief were *Deborah A. Garza*, Acting Assistant Attorney General, U.S. Department of Justice, *Robert B. Nicholson* and *John P. Fonte*, Attorneys, *Ellen D. Hanson*, General Counsel, Surface

Transportation Board, and *Craig M. Keats*, Deputy General Counsel.

*Charles A. Spitulnik*, *W. Eric Pilsk*, and *Allison I. Fultz* were on the brief for intervenors Board of County Commissioners of Allegany County, Maryland, et al. in support of respondents.

Before: GINSBURG, HENDERSON and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*:   The Surface Transportation Board denied James Riffin's petition for an order declaring that 49 U.S.C. § 10501(b), a provision of the Interstate Commerce Act as modified by the ICC Termination Act of 1995, preempts all state and local regulations insofar as they affect rail lines and that the Board has exclusive jurisdiction over Riffin's activities at one of his properties.  Because the STB failed adequately to explain its decision, as required by the Administrative Procedure Act, we grant Riffin's petition for review and remand this matter to the agency for further proceedings.

## I.  Background

Riffin claimed, and the STB assumed, he owns or controls (1) an 8.54-mile section of rail line in Allegany County, Maryland;[*] and (2) a parcel of land in Cockeysville,

---

[*] *See James Riffin* (*Riffin I*), STB Fin. Docket No. 34997, 2008 WL 1924680, 2008 STB LEXIS 242, slip op. at 3 n.9 (May 1, 2008). Three days before oral argument of this case, the Board in a different proceeding concluded that Riffin "does not own the line."

Maryland adjacent to a rail line known as the Cockeysville Industrial Track (CIT). The two properties are about 160 miles apart. Riffin plans to use his Cockeysville property as a maintenance-of-way facility to support the Allegany line. He has not begun working on the Allegany line but has done extensive work on the Cockeysville parcel.

Under 49 U.S.C. § 10501(b), "[t]he jurisdiction of the Board over (1) transportation by rail carriers ... and (2) the construction ... [or] operation of ... facilities ... is exclusive." Riffin petitioned the STB for an order declaring § 10501(b) "completely preempts State and local regulation of transportation by rail carrier" and the activities at maintenance-of-way facilities "are subject to the exclusive jurisdiction of the Board." The STB denied Riffin's broad request on the ground that, although the preemptive effect of the statute is great, "there are limits to its scope." *James Riffin* (*Riffin I*), STB Fin. Docket No. 34997, 2008 WL 1924680, 2008 STB LEXIS 242, slip op. at 4, 6 (May 1, 2008). Turning to Riffin's properties in particular, the STB concluded that, as to the Allegany line, some but not all "state and local laws that would otherwise apply would be preempted"; Riffin's activities at the Cockeysville property, however, "would not come within the Board's jurisdiction." *Id.* at 5–6. At oral argument in this court, Riffin abandoned his position that § 10501(b) preempts all state and local jurisdiction, conceding that there are limits to the preemptive effect of the statute.

---

*James Riffin* (*Riffin II*), STB Fin. Docket No. 35245, 2009 WL 2942969, 2009 STB LEXIS 428, slip op. at 6 (Sept. 15, 2009). That order is not under review here, nor is it part of the record in this case.

## II. Analysis

We review the Board's denial of Riffin's petition under the APA, asking whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see City of South Bend, IN v. STB*, 566 F.3d 1166, 1169 (D.C. Cir. 2009). Precisely how much deference we owe the decision of a federal regulatory agency that holds against preemption of a state or local law is an open question in this circuit. *See Albany Engineering Corp. v. FERC*, 548 F.3d 1071, 1074–75 (2008) (leaving "open the question of whether or not an agency decision that *avoids* preemption of a state law ... is still deserving of *Chevron* deference"); *cf. Wyeth v. Levine*, 129 S. Ct. 1187, 1201 (2009) (quoting *Geier v. American Honda Motor Co.*, 529 U.S. 861, 883 (2000) (giving "some weight" to agency's reasoning about preemption)). We need not resolve that question in the present case because even if we give the Board the deference due the agency under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) (reviewing court should defer to an agency's interpretation of statute it administers), we cannot uphold the order under review.

The STB explained its decision by reference to whether Riffin could ship maintenance equipment between his two properties over a rail line that he owns or operates:

> The [maintenance-of-way] activities proposed by petitioner for the Cockeysville property would not be considered to be part of or integral to rail transportation by a rail carrier, and thus would not come within the Board's jurisdiction. Petitioner's statements make clear that he cannot operate as a rail carrier on the

> CIT. The Cockeysville property is disconnected from any line of railroad over which petitioner may have authority to operate as a rail carrier. Even if petitioner were to ship his [maintenance-of-way] equipment and materials by rail over the CIT to a rail line that he owns or operates, petitioner would have to arrange transportation with another rail carrier. In that situation, petitioner would likely be no more than a shipper on the CIT. Accordingly, the section 10501(b) preemption would not apply to any of petitioner's planned activities at the Cockeysville property.

*Riffin I*, slip op. at 5–6 (citing *Hi Tech Trans, LLC*, STB Fin. Docket No. 34192, 2002 WL 31595417, 2002 STB LEXIS 693, slip op. at 3–4 (Nov. 19, 2002)).

The STB did not explain why, in order for it to have jurisdiction, Riffin must transport his maintenance-of-way equipment by rail using tracks he owns or operates rather than transporting the equipment by truck or as a shipper over track he does not own or operate. At oral argument, Riffin represented that, contrary to the STB's unexplained assumption, he plans to move equipment between the Cockeysville site and the Allegany line not by rail but by truck, following industry practice. Counsel for the STB then argued *ex tempore* that moving maintenance-of-way equipment between Cockeysville and the Allegany line by truck is not "a reasonable, ... commercially practicable plan." The STB, however, did not address the commercial practicability of trucking maintenance equipment in its decision and hence we cannot uphold its decision upon that basis. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("a reviewing court, in dealing with a determination or

judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").

We agree with counsel for the STB that it "would have been better if the Board had been clear" about its reason for holding state and local regulation of Riffin's properties is not preempted by § 10501(b). The APA requires the agency to "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

The STB's decision rested upon Riffin's inability to transport maintenance equipment over rail lines he controlled even though he contemplated transportation by truck. The decision of the Board offers no rationale for assuming Riffin would transport equipment by rail or, having made that assumption, for denying preemption on the ground that he would not control the entirety of the rail lines over which he would have to move equipment. If, following the lead of its counsel, the agency intends to rest its decision upon a standard of commercial practicability for transporting equipment by truck, then it must state its reasons for doing so and conduct an appropriate analysis.

### III. Conclusion

We conclude the Board's order is arbitrary and capricious because it does not adequately explain why Riffin's activities at the Cockeysville property do not fall under the Board's jurisdiction and within the preemptive ambit of § 10501(b).

The petition for review is therefore granted, the order of the Board vacated, and this matter remanded to the Board for further proceedings.

*So ordered.*