# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 20, 2010      Decided March 15, 2011

No. 09-1188

EDWIN KESSLER AND JAMES RIFFIN,
PETITIONERS

v.

SURFACE TRANSPORTATION BOARD AND UNITED STATES OF
AMERICA,
RESPONDENTS

BNSF RAILWAY COMPANY,
INTERVENOR

———

On Petition for Review of an Order
of the Surface Transportation Board

———

*James Riffin*, appearing pro se, argued the cause and filed the briefs for petitioners. *Edwin Kessler*, appearing pro se, entered an appearance.

*James B. Boles*, Attorney, Surface Transportation Board, argued the cause for respondents. With him on the brief were *Robert B. Nicholson* and *John P. Fonte*, Attorneys, U.S. Department of Justice, *Ellen D. Hanson*, General Counsel, Surface Transportation Board, and *Craig M. Keats*, Deputy

General Counsel. *Erik G. Light*, Attorney, entered an appearance.

Before: GINSBURG, ROGERS and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: Edwin Kessler and James Riffin petition for review of an order of the Surface Transportation Board (STB) denying them preliminary injunctive relief. We dismiss their petition because we lack jurisdiction to decide all but one of the claims presented and the petitioners have failed to exhaust their administrative remedies as to that claim.

## I. Background

In July 2008 Kessler contracted with BNSF Railway Co. to have a locomotive he leased from Riffin transported and delivered to himself, "care of Boardman, Inc.," a company in Oklahoma City with property abutting his own.[*] After taking possession of the locomotive BNSF found Boardman would not accept delivery of the locomotive and so informed Kessler. When the parties failed to agree upon a suitable alternative arrangement for delivery, BNSF notified Kessler it was going to sell the locomotive at auction, as provided in the bill of lading, if he did not himself make arrangements to dispose of it.

---

[*] Despite Riffin's admission at oral argument that the locomotive belongs to him, because both parties' filings refer to the locomotive as belonging to Kessler instead of Riffin, and because Kessler is the named party in the proceedings in front of the STB, we refer to Kessler as the singular owner of the locomotive.

Kessler then asked the STB for an injunction to stop the sale of the locomotive and to compel BNSF to complete delivery. Kessler also asked the STB to order BNSF to pay him damages of $50.00 for each day delivery was delayed and to relieve him of any obligation to pay demurrage fees. That motion was filed on January 26, 2009 and was duly opposed by BNSF.

The STB had not yet ruled upon Kessler's motion when, on May 18 of that year, BNSF notified the STB it planned to begin the auction of Kessler's locomotive in one week. On June 2 Kessler filed with the STB an emergency request for immediate relief, but on June 8 he moved voluntarily to dismiss both motions pending with the Board so that he might instead pursue relief in court. Later that day Kessler filed a motion for a temporary restraining order and a preliminary injunction in the U.S. District Court for the District of Maryland. *Riffin v. BNSF Ry.*, No. 8:09-cv-1502.

On June 12 the Board denied Kessler's motion to dismiss and resolved on the merits his motions for injunctive relief. *See* Edwin Kessler—Petition for Injunctive Relief, STB Dkt No. FD-35206 [hereinafter STB Decision].[*] The STB held Kessler did not show the auction would irreparably harm him because, contrary to Kessler's representation, the locomotive was easily replaceable. *Id.* at 5. The Board also held an injunction would not be in the public interest: Although BNSF had a general duty as a common carrier to serve all comers, Kessler had not shown how the public would benefit from enjoining the sale of a locomotive that was shipped not for any commercial purpose "but simply to 'test' BNSF." *Id.*

---

[*] For any of the parties' filings or the STB's decisions, see http://www.stb.dot.gov.

at 6. The Board accordingly denied Kessler's motion to enjoin the auction. *Id.* The Board also refused to compel BNSF to deliver the locomotive; because the "true nature of [Kessler's] dispute" with BNSF was unclear, the Board held Kessler failed to show he would likely prevail upon his claim BNSF violated its common law duties. *Id.* With respect to Kessler's requests for relief from demurrage and other fees, and for $50.00 in damages for each day delivery was delayed, the Board held, respectively, that the record provided no basis for enjoining BNSF from the collection of those charges and that claims for monetary damages are properly raised in a complaint proceeding and not as a part of a motion for injunctive relief. *Id.* at 7.

Shortly after the Board issued its order, BNSF sold Kessler's locomotive at public auction for $5,000. The Maryland district court then denied as moot (among other defects) Kessler's pending motion for a TRO and dismissed his claim without prejudice.

In this court Kessler seeks review of the Board's order denying him injunctive and other relief. He argues the Board's decision is both incorrect on the merits and procedurally infirm. The Board responds that we should dismiss Kessler's petition for review because his petition asking the Board for injunctive relief is now moot and because, as to other relief, he has failed to exhaust his administrative remedies. We agree with the Board and accordingly we dismiss the petition in its entirety.

## II. Analysis

We may disturb the Board's order denying Kessler preliminary relief only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(A)(2); *Riffin v. Surface Transp. Bd.*, 592 F.3d 195, 197 (D.C. Cir. 2010). Before we may do so, however, we must determine whether we have jurisdiction, in whole or in part, over Kessler's petition for review. *Ctr. for Arms Control & Non-Proliferation v. Pray*, 531 F.3d 836, 839 n.∗ (D.C. Cir. 2008).

It is uncontroverted that BNSF has sold Kessler's locomotive to a third party and that the purchaser is not before the court. Kessler's request for an injunction against the sale is therefore moot and accordingly beyond our jurisdiction. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) ("an appeal should ... be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant") (internal quotation marks omitted); *Bunn v. Werner*, 210 F.2d 730, 731 (D.C. Cir. 1954) (injunction filed to prevent "a foreclosure sale of certain real estate" dismissed as moot after foreclosure sale had taken place); *cf. FTC v. Weyerhaeuser Co.*, 665 F.2d 1072, 1077 (D.C. Cir. 1981) (sale does not moot an appeal where all parties including the purchaser are before the court).

We likewise lack jurisdiction over and dismiss the portions of Kessler's petition that would have the court (i) "compel the Board to compel BNSF" to retrieve the locomotive from its current owner and deliver it to Kessler, and (ii) order BNSF to (a) pay Kessler damages for delayed delivery of his locomotive and (b) discharge any outstanding demurrage fees. First, the current owner of the locomotive is not a party to this litigation and the court will not issue an order affecting the rights of an absent third party. *Richards v. Jefferson Cnty.*, 517 U.S. 793, 797 n.4 (1996) ("The opportunity to be heard is an essential requisite of due process of law in judicial proceedings"). Second, insofar as Kessler's claims arise from the carrier's liability under the bill of

lading, they must be filed in the first instance in a district or state court. 49 U.S.C. § 11706(d)(1).

To the extent Kessler asks us to order the Board to investigate whether BNSF has improperly abandoned a rail line or failed to fulfill its obligation as a common carrier pursuant to 49 U.S.C. § 11101, we dismiss his petition because he failed to exhaust his administrative remedies. Under 49 U.S.C. § 11701, the STB may initiate an investigation of a rail carrier "only on complaint."[*] The STB has issued a regulation prescribing the form and manner in which a complaint must be filed. *See* 49 C.F.R. § 1111.1. Kessler's failure to comply with that regulation puts his arguments in this regard out of court. *See Chicago & Nw. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 321–23 (1981) ("Congress intended that an aggrieved shipper should seek relief in the first instance from the Commission").

Finally, Kessler argues the Board somehow acted improperly by denying his motion voluntarily to dismiss his pending motions for injunctive relief and going on to reach the merits of his claim. Kessler therefore asks us to vacate the Board's decision so he is not collaterally estopped from filing a complaint in the district court "to compel BNSF to retrieve the locomotive if it has not in fact been scrap[p]ed, ... [to] order BNSF to find another locomotive that is similar to [that sold], or [to] provide ... compensatory and punitive damages."

---

[*] Under 49 U.S.C. § 11702, the Board may also bring a civil action "to enjoin a rail carrier from violating §§ 10901 through 10906." Kessler has not sought such an action, nor does it appear a Board decision in that regard would be subject to judicial review. *See* 5 U.S.C. § 701(a)(2) (exempting from review actions committed by law to an agency's discretion).

Kessler's concern is ill-founded. Kessler will not be able to obtain an order compelling BNSF to retrieve his locomotive regardless whether we vacate the Board's decision: the locomotive has been sold at auction. Accordingly, as a practical matter, damages are the only form of relief against BNSF still available to Kessler. *See* 49 U.S.C §§ 11704 (a carrier "is liable for damages sustained" as a result of a violation of the ICCTA), 11706 (permitting a civil suit for "actual loss or injury" to property shipped pursuant to a bill of lading); *see also Rymes Heating Oils, Inc. v. Springfield Terminal Ry.*, 358 F.3d 82, 89 (1st Cir. 2004) ("§ 11704(b) clearly provides a *damages* action for a direct statutory violation of the ICCTA itself") (emphasis added). In that regard, the Board's order expressly states, "Kessler may yet pursue his claim that BNSF violated its common carrier duty" by filing with the Board a complaint for "appropriate damages." STB Decision, at 6. If the Board's order does not prevent Kessler from seeking damages from the Board, we fail to see how it would prevent him from seeking that same relief from a district court. *See* 49 U.S.C. § 11704(c)(1) (a person injured as a result of a carrier's violation of the Act "may file a complaint with the Board under § 11701(b) ... or bring a civil action"). Because vacating the Board's decision would not provide Kessler with the relief he seeks, a ruling upon the propriety of the Board's decision would be no more than advisory. *See Chicago & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 113–14 (1948) ("This Court early and wisely determined that it would not give advisory opinions").

## III. Conclusion

For the foregoing reasons, the petition for review is

*Dismissed*.