**Christopher STOLLER, Appellant**

v.

**OCWEN FINANCIAL CORPORATION, et al., Appellees**

**No. 16-7140**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: February 28, 2017

Rehearing En Banc Denied May 4, 2017

Christopher Stoller, Pro Se

BEFORE: Rogers and Kavanaugh, Circuit Judges, and Ginsburg, Senior Circuit Judge

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed November 10, 2016, dismissing the complaint be affirmed. "[W]e may affirm the district court on any ground supported by the record." Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016). The district court correctly held that appellant's request for injunctive relief was rendered moot by the foreclosure and sale of his house on December 28, 2015. See Kessler v. Surface Transp. Bd., 637 F.3d 369, 372 (D.C. Cir. 2011) (quoting Bunn v. Werner, 210 F.2d 730, 731 (D.C. Cir. 1954)) ("injunction filed to prevent 'a foreclosure sale of certain real estate' dismissed as moot after foreclosure sale had taken place").

To the extent that any other claims remain, the district court correctly declined to exercise jurisdiction inasmuch as the district court lacked personal jurisdiction over any of the defendants. "The District of Columbia long-arm statute provides that a District of Columbia court can exercise personal jurisdiction over a defendant if the *claim arises from* the defendant's transacting any business in the District of Columbia." Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (emphasis added). None of the individual appellees is a resident of the District of Columbia, appellee Ocwen Financial Corporation does not have its principal place of business in the District of Columbia, and appellant has not demonstrated that his particular claim arises from any contacts the defendants had with the District of Columbia.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.