UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

FILED
United States Court of Appeals
Tenth Circuit

July 11, 2019

Elisabeth A. Shumaker
Clerk of Court

J & L BROWN FAMILY, LLC,

    Plaintiff - Appellee,

v.

ARZELLA BRADSHAW; HIGH PLAINS
FARM CREDIT; BANK OF HAYS, f/k/a
Hanston State Bank; UNITED STATES
OF AMERICA, acting through the Farm
Service Agency, United States Department
of Agriculture; KANSAS DEPARTMENT
OF REVENUE,

    Defendants,

MAHIEU ELDER LAW PA,

    Defendant - Appellee,

and

RODNEY BRADSHAW,

    Defendant Cross Claimant -
    Appellant,

v.

UNITED STATES OF AMERICA, acting
through the Farm Service Agency, United
States Department of Agriculture,

    Cross Claim Defendant - Appellee.
_____

No. 18-3176
(D.C. No. 5:18-CV-04006-SAC-KGS)
(D. Kan.)

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **PHILLIPS**, and **CARSON**, Circuit Judges.

_____

Rodney Bradshaw appeals pro se from a district court order in this mortgage-foreclosure case brought by J & L Brown Family, LLC.  For the reasons discussed below, we dismiss the appeal as moot.

## I. BACKGROUND

In 2013, J & L loaned Mr. Bradshaw and his wife $225,000, secured by a mortgage on five tracts of land comprising their Kansas farm.  J & L's mortgage occupied various levels of priority in relation to other mortgages and liens on the Bradshaws' property that were possessed by the United States Department of Agriculture's (USDA's) Farm Service Agency, the Mahieu Elder law firm, the Kansas Department of Revenue, the Bank of Hays, and the High Plains Farm Credit company.

### A. *State Suit, Removal, and Dismissal of Crossclaim*

In January 2018, J & L filed a petition in Kansas state court to foreclose on the mortgage based on the Bradshaws' default on the loan.  The United States removed the case to federal district court based on its 2007 mortgage interest in tract one.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Bradshaw filed a pro se document asserting a crossclaim against the USDA. It sought (1) a stay of the foreclosure proceedings, (2) a review of the USDA's denial of a hearing on his discrimination complaints based on his race (Mr. Bradshaw is African American), and (3) a "remand to the [USDA's] Administrative Law Judge." R. at 27.[1] In support, Mr. Bradshaw alleged that "[t]he property subject to this suit falls under two separate and distinct forms of moratorium relief." R. at 25. He asked for a moratorium on foreclosure because (1) he "was a Track A claimant in the Pigford class action," id.,[2] and (2) he "has been harassed by the USDA and its employees for more than 40 years and the Agency is still continuing to discriminate against him by failing to give him a formal hearing on the merits," id. at 27.[3]

---

[1] Arzella Bradshaw's participation in the case was limited to informing the district court of divorce proceedings with her husband and stipulating "to foreclosure of her *in rem* interest, right or claim to the Real Property, to satisfy J&L's Mortgage and liens on the Real Property." R. at 638.

[2] *Pigford* was a class-action lawsuit on behalf of African-American farmers who claimed racial discrimination in the USDA's administration of farm loan programs. *See Pigford v. Glickman*, 185 F.R.D. 82, 86 (D. D.C. 1999). It culminated in a consent decree specifying a process to resolve discrimination claims against the USDA. Mr. Bradshaw did not, however, prevail on his Track A *Pigford* claim. "[T]hose who seek relief under Track A forever waive their right to seek review in any court or before any tribunal of the decision of the arbitrator with respect to any claim that is, or could have been decided." *Pigford v. Vilsack*, 97-CV-1978 (PLF), 2016 WL 4921378, at *5 (D. D.C. Sept. 15, 2016) (internal quotation marks omitted).

[3] Under 7 U.S.C. § 1981a(b), there is a "moratorium . . . on all acceleration and foreclosure proceedings instituted by the [USDA] against any farmer or rancher who" has "a claim of program discrimination that is accepted by the Department as valid." *See also* 7 C.F.R. § 766.358(a) (enabling regulation).

3

J & L and the United States opposed Mr. Bradshaw's requests for relief, arguing his moratorium theories did not apply to a private foreclosure action. Mr. Bradshaw responded, arguing that if he was granted an administrative hearing, he "could possibly pay [J & L] the money [it] is owed and also move the Secretary to take action to satisfy the alleged debts [under] 42 U.S. Code § 3535(i)." R. at 433.[4] He also moved to enjoin the Mahieu law firm from selling his farm equipment to satisfy a judgment against him in an unrelated state court case.

The district court dismissed Mr. Bradshaw's crossclaim without prejudice because he did not assert it as part of a pleading. It denied his other motions as meritless.

B. ***Denial of Mr. Bradshaw's Motions and Request for Permission to Appeal***

Several weeks later, Mr. Bradshaw filed motions requesting much of the same relief he had sought before. He also included an answer. Mr. Bradshaw relied on many of the same legal theories the district court had explained were meritless. He sought to plead a crossclaim for breach of fiduciary duty against the Secretary of Agriculture under 5 U.S.C. § 8477,[5] alleging the Secretary was liable for "failing to enforce the moratorium provisions of 7 CFR 766.358 and such authority to do so is found under 42 USC 3535(i)." R. at 509.

---

[4] Section 3535(i)(1) authorizes the Secretary of Housing and Urban Development to bring an action to "purchase at any foreclosure or any other sale any property in connection with which he has made a loan or grant."

[5] Section 8477 governs fiduciary responsibilities in the Federal Retirement Thrift Investment Management System.

J & L filed a motion for partial summary judgment, seeking to foreclose on its claim against the Mr. Bradshaws and requesting a priority determination of the competing interests in the five parcels. The United States opposed Mr. Bradshaw's reasserted motions, characterizing them as "un-intelligible, and . . . in most respects copied verbatim from Mr. Bradshaw's previous crossclaim and motions in this case." R. at 606. The United States moved to dismiss or for summary judgment based on its previous filings.

On August 8, 2018, the district court entered an order denying Mr. Bradshaw's reasserted motions. On August 15, apparently in response to that order, Mr. Bradshaw filed a document entitled, "Permission to File Interlocutory Appeal." R. at 678. He designated three issues for appellate review: (1) "whether [he] is entitled to [the] moratorium provisions provided in the *Pigford* Settlement Agreement"; (2) whether 7 U.S.C. § 1981a, 7 C.F.R. § 766.358, and 42 U.S.C. § 3535(i) require the Secretary of Agriculture "to enforce the Act of Congress designed to protect Black farmers . . . who ha[ve] not been given a hearing for administrative offsets an[d] continued discrimination by [t]he USDA"; and (3) "Did the District Court abuse its discretion by denying a preliminary injunction against foreclosure by a third party." R. at 678-79 (italics added).

The district court did not certify any part of its August 8 order for interlocutory appeal. *See* 28 U.S.C. § 1292(b).[6] Instead, it docketed the "Permission to File" as a notice of interlocutory appeal, and the case continued.

---

[6] As discussed below, an interlocutory appeal from the denial of an injunction does not require certification. *See* 28 U.S.C. § 1292(a)(1).

5

C. ***Orders Granting Partial Summary Judgment, Dismissal, and Foreclosure***

On August 16, 2018, the district court entered an order granting J & L's motion for partial summary judgment and the United States' motion to dismiss Mr. Bradshaw's cross-claim. On September 5, the court executed and filed a journal entry drafted by J & L that designated the priorities of Mr. Bradshaw's creditors, foreclosed J & L's mortgage, and authorized J & L to sell the five tracts of Mr. Bradshaw's farm. On October 26, the district court entered a final judgment. Mr. Bradshaw did not thereafter file a notice of appeal.

## II. **DISCUSSION** [7]

### A. ***Permission to File Interlocutory Appeal and Waiver***

A timely filed notice of appeal in a civil case is a prerequisite to appellate jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Ordinarily, a notice of appeal must be filed in the district court "within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States." Fed. R. App. P. 4(a)(1)(B)(i).

The only document resembling a notice of appeal is Mr. Bradshaw's August 15 "Permission to File Interlocutory Appeal." It designated only one issue that was eligible for automatic interlocutory appeal—whether the district court abused its discretion in denying injunctive relief. *See* 28 U.S.C. § 1292(a)(1). But Mr. Bradshaw waived that

---

[7] Because Mr. Bradshaw appears pro se, we liberally construe his filings. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

6

issue by not arguing it in his opening appellate brief. *See Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006). The other two issues designated in the "Permission to File Interlocutory Appeal," which concern Mr. Bradshaw's foreclosure-moratorium theories, were not certified for interlocutory review, *see* 28 U.S.C. § 1292(b), and then presented to this court in a petition for discretionary review, *see* Fed. R. App. P. 5(a)(1). Thus, this court has nothing to review based on the "Permission to File Interlocutory Appeal."

## B. *Foreclosure and Mootness*

That does not, however, end our jurisdictional inquiry. Mr. Bradshaw filed his opening appellate brief on October 29, 2018—three days after the district court entered a final judgment. "The Federal Rules [of Appellate Procedure] . . . do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal . . . if the filing is timely under Rule 4 and conveys the information required by Rule 3(c)." *Smith v. Barry*, 502 U.S. 244, 249 (1992). Under Rule 3(c), a notice of appeal must "specify the party or parties taking the appeal," "designate the judgment, order, or part thereof being appealed," and "name the court to which the appeal is taken." Fed. R. App. P. 3(c). Mr. Bradshaw's opening brief satisfies Rule 3(c) by specifying that he is the appellant and by designating the district court's August 16 order for review by this court.

In his opening brief, just as he did in his initial filing in the district court, Mr. Bradshaw argues that "[t]he property subject to this suit falls under two separate and distinct forms of moratorium relief." Aplt. Opening Br. at 4. The problem with this

7

argument is that the foreclosure of J & L's mortgage rendered it moot because he does not challenge the foreclosure order on appeal.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (internal quotation marks omitted). "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party. The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Petrella v. Brownback*, 787 F.3d 1242, 1255-56 (10th Cir. 2015) (citation and internal quotation marks omitted).

Because J & L's mortgage has already been foreclosed, a moratorium on foreclosure would have no application. The property interests were settled in the district court's September 5, 2018 journal entry, which Mr. Bradshaw does not challenge in his appeal. Thus, whether a moratorium on foreclosure should be imposed so Mr. Bradshaw can pursue claims against the USDA is a moot issue. *See NBC-USA Housing, Inc., Twenty-Six v. Donovan*, 674 F.3d 869, 872-73 (D.C. Cir. 2012) (holding that intervening foreclosure sale mooted property owner's appeal from order denying an injunction against a sale). This court therefore lacks jurisdiction over Mr. Bradshaw's appeal.

### III. **CONCLUSION**

We dismiss this appeal as moot.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge